


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**
IN ADMIRALTY

L. D. AMORY AND COMPANY, INC.

Plaintiff,

v.

F/V BELLA SKY O.N. 580932, ALL OF HER ENGINES, TACKLE, ACCESSORIES, FISHING PERMITS, FURNISHINGS, EQUIPMENT, FREIGHTS AND APPURTENANCES, *in rem*,

and

F/V QUINBY ALLIE O.N. 507438, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, FISHING PERMITS, FURNISHINGS, EQUIPMENT, FREIGHTS and APPURTENANCES, *in rem*,

and

BELLA SKY, LLC, QUINBY ALLIE, LLC, CHARLES MEADE AMORY, *and* TROY D. DWYER, *in personam*,

Defendants.

Case No.: 4:21cv24

**ORDER FOR WARRANT OF ARREST**

**WHEREAS**, upon review of Plaintiff's Verified Complaint (Docket #1) and Motion for Warrant for Arrest and Appointment of Substitute Custodian, the Court finds that the conditions set forth in Supplemental Admiralty Rule C appear to exist, now therefore it is:

**ORDERED**, that the Clerk of this Court shall issue Warrants of Maritime Arrest for the F/V BELLA SKY O.N. 580932, and F/V QUINBY ALLIE O.N. 507438, their engines, freights,

boilers, fishing permits, machinery, tackle, apparel, furniture, equipment, rigging, and all other appurtenances thereto, etc. ("the Vessels"), as prayed for in the Verified Complaint; and it is

**ORDERED**, that the U.S. Marshal Service shall serve a copy of this Order, with the *In Rem* Warrant of Arrest, and a copy of the Verified Complaint upon the Vessels at the earliest opportunity; and it is further

**ORDERED**, that any persons claiming a right of possession or any ownership interest in the Vessels, shall, in accordance with Supplemental Admiralty Rule C(6) of the Federal Rules of Civil Procedure, file a verified statement of right or interest with the Clerk of the Court and an answer, and upon application to the Court, shall be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the arrest should not be vacated or other relief granted; and it is further

**ORDERED**, that pursuant to Supplemental Rule E(5)(a), the Court fixes the principal amount of the bond (or cash security) sufficient to obtain the release of the F/V BELLA SKY O.N. 580932, and F/V QUINBY ALLIE O.N. 507438, in the amount of **USD $1,500,000** sufficient to cover the amount of Plaintiff's claim fairly stated as permitted by Supplemental Rule E(5) and associated expenses.

**ORDERED**, that the Plaintiff's Motion to appoint substitute custodian is granted, and the United States Marshal shall transfer custody of the F/V BELLA SKY and F/V QUINBY ALLIE, immediately following their arrest and attachment, to the custody of the substitute custodian, L. D. Amory and Company, Inc.; and it is further

**ORDERED**, that while the Vessels are seized pursuant to a warrant of arrest, that the Substitute Custodian may use their engines and other equipment to unload its catch, undergo repairs, and to shift and to proceed from the place where they were arrested (Newport

News Small Boat Harbor) to the dock at Amory's Seafood at 101 S King St, Hampton, Virginia 23669, where the vessels will remain until such time as they are released or sold all within the District and within the jurisdiction of this Honorable Court.

**ORDERED** that in consideration of the United States Marshal's consent to the substitution of custody, Plaintiff shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the Vessels from the date of the transfer of possession of said vessels to L. D. Amory and Company, Inc. including but not limited to any and all liability or responsibility for claims arising out of the movement of the vessel once arrested; and it is further

**ORDERED**, that upon transfer of custody of the DEFENDANT VESSELS to the substitute custodian by the United States Marshal, the Marshal shall not be liable for any loss occurring while said vessels remain in the custody of the substitute custodian to the extent such loss is not covered by the Marshal's insurance made available to the substitute custodian; and it is further

**ORDERED**, that all reasonable expenditures which may be incurred by the substitute custodian L. D. Amory and Company, Inc., or by any party advancing funds to the substitute custodian, in safekeeping and maintaining the Vessels while they are in *custodia legis*, including but not limited to, the costs of maintaining adequate insurance on the Vessels, towage, security, etc., while the vessels are in *custodia legis*, shall be administrative expenses in this action and a first charge of the Vessels herein, to be paid prior to the release of the Vessels or the distribution of the proceeds of their sale; and it is further

**ORDERED**, that upon Plaintiff's deposit of $5,000 with the United States Marshal, which amount Plaintiff has represented the United States Marshal deems sufficient insurance for LD Amory which shall provide coverage for the protection of the Vessels, Plaintiff, and the substitute custodian, as may be applicable; and it is further

**ORDERED,** that during *custodia legis* the substitute custodian LD Amory shall not permit changes to be made to the Vessels, except for routine maintenance required for the Vessels' safekeeping, or in emergency situations, without an Order of this Court.

SIGNED at Newport News, Virginia this 12th day of March 2021.

Arenda L. Wright Allen

UNITED STATES DISTRICT COURT JUDGE